UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES LEE PHILLIPS** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | ) CASE NO.: 1:23-cv-0401-HAB-SLC |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|    **Defendants,** | ) |
| | ) |

**OPINION AND ORDER**

Plaintiff, James Lee Phillips ("Phillips"), proceeding pro se, sued Tabor Seidl ("Seidl"), an employee of the United States Department of Veteran's Affairs ("VA"), for improperly denying him disability benefits. (ECF No. 2). The Government substituted itself for Seidl under The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, as Seidl was acting in the scope of his employment when Phillips' benefits were denied. (ECF No. 3). The FTCA is the exclusive remedy for tort claims against the United States. Thus, the Government moves to dismiss Phillips' claims because he failed to satisfy the requirements of the FTCA, 28 U.S.C. § 2675(a). (ECF No. 5).

The Government's Motion (ECF No. 4) is fully briefed (ECF Nos. 5, 10, 11) and is ripe for ruling. The FTCA requires that Phillips first present his claim to the VA before availing himself this forum. And Phillips never took his case before the VA. For the reasons below, the Government's Motion to Dismiss will be GRANTED.

**I.    Standard or Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ.

1

P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). Typically, a court may not consider matters outside the pleadings unless the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). But a court, in deciding a motion under Rule 12(b)(6), may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 492–93 (7th Cir. 2011); *Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d 1070, 1075 (N.D. Ind. Feb. 17, 2021).

## II. Factual Background

The facts are simple. On September 1, 2023, Phillips sued Seidl in the Small Claims Division of the Jay County Superior Court in Indiana. (ECF No. 2). He alleges that—at some point—Seidl wrongfully determined that there was no connection between Phillips' various medical impairments and his military service.[1] (*Id.*). As a result, the VA denied Phillips disability benefits for the alleged impairments. (*Id.*).

On September 20, 2023, the United States Attorney for the Northern District of Indiana certified that Seidl was acting within the scope of his employment with the VA when he made his determinations.[2] (ECF No. 5-1). The same day, the Government removed the case to this Court. (ECF No. 1). On September 22, 2023, the Government substituted itself as Defendant in place of Seidl under the FTCA, 28 U.S.C. § 2679. (ECF No. 3).

## III. Discussion

---

[1] Phillips' Complaint does not state when the events giving rise to his claim took place.
[2] The Court takes judicial notice of the United States' Attorney's Scope Certification (ECF No. 5-1).

Under the doctrine of sovereign immunity, the United States is immune from suit without its consent. *U.S. Postal Service v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004); *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765 ,774 (7th Cir. 2011). But Congress has waived sovereign immunity for torts committed by individual or entities covered under the FTCA. 28 U.S.C. §§ 1346(b), 2679. Indeed, the FTCA provides the **exclusive** remedy for torts committed by any federal employee while acting within the scope of their employment. *Feres v. United States*, 340 U.S. 135, 140 (1950); 28 U.S.C. §§ 1346(b), 2679(a)-(b)(1).

"When Congress attaches conditions…to legislation waiving the United States' sovereign immunity, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. N. Dakota*, 461 U.S. 273, 287 (1983) (citation and quotation omitted); *See also Lehman v. Nakshian,* 453 U.S. 156, 161 (1981). That said, if Phillips failed to initiate this lawsuit in accordance with the requirements of the FTCA, the Court should dismiss his claim under Rule 12(b)(6).

"The FTCA contains a threshold requirement than an administrative claim be presented in writing to the appropriate Federal agency … [Therefore,] [n]o lawsuit may be filed unless the claimant shall have **first** presented the claim to the appropriate federal agency." *LeGrande v. United States*, 687 F.3d 800, 812-13 (7th Cir. 2012) (emphasis added) (internal quotations omitted); *see also McNeil v. United States*, 964 F.2d 647, 648 (7th Cir. 1992) (internal quotations and citations omitted), *aff'd,* 508 U.S. 106 (1993); *Richardson v. United States*, 831 F. Supp. 657, 659-60 (N.D. Ind. June 23, 1993) (holding that the FTCA "does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision").

Phillips has not filed an administrative claim with the VA—the appropriate federal agency

3

in this case.³ (ECF No. 5-2). Thus, he has failed to initiate his lawsuit in accordance with the FTCA. In Phillips' Response (ECF No. 10), he does not address this issue and instead appears to mostly attack the merits of his claim. Accordingly, this case must be dismissed for failure to state a claim upon which relief can be granted.

### IV.     Conclusion

For these reasons, Defendant's Motion to Dismiss (ECF No. 4) is GRANTED.

SO ORDERED on February 13, 2024.

 s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

3 The Court takes judicial notice of the Declaration of Tami R. Nantz, Chief Deputy Counsel, United States Department of Veterans Affairs (ECF No. 5-2).